IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY TODD PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-02-509-C |
| ) | |
| JOYCE GILCHRIST; ) | |
| ROBERT H. MACY; and THE CITY OF ) | |
| OKLAHOMA CITY, OKLAHOMA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On January 13, 2005, the parties filed an unconditional stipulation of dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). (See Stipulation of Dismissal, Dkt. No. 126.) Thereafter, Defendant Joyce Gilchrist (Gilchrist) filed a Motion for Indemnification. (Dkt. No. 128.) Because an unconditional stipulation of dismissal terminates federal jurisdiction and the Court may not issue any further orders except in very limited circumstances, see Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989), the Court ordered the parties to brief the question of whether the Court had jurisdiction to hear Gilchrist's motion. (Order, Dkt. No. 133.) Having received the supplemental briefs and considered the applicable law, the Court finds that it is without subject matter jurisdiction to entertain Gilchrist's motion.

BACKGROUND

Plaintiff, Jeffrey Todd Pierce (Pierce), filed this action against Gilchrist, among others, on April 18, 2002, alleging that she violated his constitutional rights. (Compl., Dkt. No. 1.)

On July 31, 2002, the Court dismissed the complaint against Gilchrist for failure to state a claim for relief. (Order, Dkt. No. 55.) Pierce filed his First Amended Complaint on August 13, 2002, again alleging that Gilchrist violated his constitutional rights. (First Am. Compl., Dkt. No. 61.)

On August 30, 2002, Gilchrist filed a motion for indemnification of her attorneys' fees. (Mot., Dkt. No. 65.) The Court denied that motion, reasoning that Gilchrist's claim for indemnification was premature because no final judgment had yet been entered. (Order, Dkt. No. 86.)

Gilchrist also moved to dismiss Pierce's First Amended Complaint (Mot., Dkt. No. 62), but her motion was denied on October 23, 2002 (Order, Dkt. No. 85). Gilchrist appealed that Order, filing her Notice of Appeal on October 25, 2002. (Notice of Appeal, Dkt. No. 87.) The Tenth Circuit affirmed the Court's denial and issued a mandate to that effect on March 30, 2004. (U.S.C.A. Mandate, Dkt. No. 103.) Gilchrist did not file a responsive pleading after receiving the mandate.

On January 13, 2005, the parties filed an unconditional stipulation of dismissal. (Stipulation of Dismissal, Dkt. No. 126.) Gilchrist thereafter filed another application for indemnification of her defense fees (Mot., Dkt. No. 128), to which the City has objected (Response, Dkt. No. 129).

## DISCUSSION

The Court has an obligation to examine its own jurisdiction, even if not contested by the parties. Delgado Oil Co., Inc. v. Torres, 785 F.2d 857, 859 (10th Cir. 1986). Jurisdiction is never presumed, and cannot be conferred by consent. Id.; Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

At the time of filing, the Court had original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Pierce was alleging a cause of action arising under the Constitution and laws of the United States. Once the parties filed a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1), however, the Court lost jurisdiction over the dismissed claims. Netwig v. Georgia-Pacific Corp., 375 F.3d 1009, 1011 (10th Cir. 2004). The filing of the stipulation of dismissal bars the Court from addressing the merits of the dismissed claims or issue any orders pertaining thereto. Smith, 881 F.2d at 904; 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2367 (2d ed. 1994). Indeed, the "'dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b).'" Smith, 881 F.2d at 904, quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985) (alteration in original).

Therefore, before it can consider the merits of Gilchrist's motion, the Court must determine whether it has jurisdiction over this matter. Gilchrist argues that the Court has subject matter jurisdiction because her motion is for the payment of attorneys' fees, relief

usually collateral to the merits. Alternatively, Gilchrist argues that the Court has supplemental or ancillary jurisdiction to hear her claim.

*1. The Application for Indemnification is not a Collateral Claim but a Cause of Action*

Although Gilchrist is seeking *relief* in the form of payment of her attorneys' fees, the *claim* she is bringing is one for indemnification. Indemnification is a cause of action, a right enforceable in court. See Travelers Ins. Co. v. L.V. French Truck Serv., Inc., 1988 OK 76 ¶ 7, 770 P.2d 551, 555 (referring to a claim for indemnification arising from the workers' compensation statute as a "cause of action"); McAtee v. Wes-Lee Corp., 1977 OK 130 ¶¶ 9-10, 566 P.2d 442, 445 (holding that the defendant's cross-petition had sufficiently stated a "cause of action" for indemnification). Indeed, enforcement of the indemnification statute relied on by Gilchrist is through the filing of an "action." See 51 Okla. Stat. § 162(B)(1) ("*Actions* to determine entitlement to indemnification shall be tried to the court . . . .") (emphasis added). If a public employee is successful at proving the elements for relief under 51 Okla. Stat. § 162(B)(4), she is entitled to an "indemnification judgment," a final determination of her right to indemnification. See 51 Okla. Stat. § 162(B)(5) (referring to the final order on an application for indemnification as an "indemnification judgment"); see also 12 Okla. Stat. § 681 (defining a judgment as "the final determination of the rights of the parties in an action").

The fact that Gilchrist seeks indemnification for her defense costs, including the payment of attorneys' fees, does not alter this analysis. Attorneys' fees are simply one form of *damages* available for an indemnitee to recover from an indemnitor. 41 Am Jur. 2d § 47

(listing the damages available in an indemnification claim); see also 51 Okla. Stat. § 162(D) (stating that it is the policy of the state to indemnify a public employee for actual damages, *attorney fees*, and costs upon a judicial determination that the employee is entitled to indemnification). Indeed, even Gilchrist's counsel recognizes this distinction, stating that "Defendant Gilchrist is **not** seeking attorney fees [sic] from the Plaintiff. Rather, Defendant Gilchrist is seeking indemnification of her Attorney fees [sic] from Defendant City pursuant to 51 Okla. Stat. § 162." (Reply, Dkt. No. 132 at 7.) Thus, the fact that Gilchrist may be awarded her attorneys' fees should she prove her indemnification claim does not somehow convert this cause of action into a "collateral" claim for attorneys' fees.[1]

---

[1] It is questionable whether the Court would have jurisdiction to hear the motion even if it were only a collateral claim for attorneys' fees. The parties did not condition their stipulation of dismissal on the resolution of Gilchrist's right to attorneys' fees and the Court is without power to impose such a condition. See Smith, 881 F.2d at 904; 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2367. Although it is well-established that the Court may impose Rule 11 sanctions after a stipulation of dismissal, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990), the Court is unaware of any Supreme Court or Tenth Circuit authority indicating that it has jurisdiction to award attorneys' fees after a Rule 41(a)(1) dismissal is filed. Cf. Smith, 881 F.2d at 905 (acknowledging that the district court retains jurisdiction to award attorneys' fees and costs for parties that had summary judgment granted in their favor and who were *not* parties to the stipulation of dismissal); compare Cefali v. Buffalo Brass Co., Inc., 748 F. Supp 1011, 1016 (W.D.N.Y 1990) (holding that attorneys' fees may be awarded under 28 U.S.C. § 1927 even if the stipulation of dismissal did not expressly reserve this claim), with Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976), and Harvey Honore' Construction Co., Inc. v. La. Assoc. Gen. Contractors, Inc., Case Nos. CIV.A. Nos. 96-1976 & 95-3699, 1996 WL 627993 (E.D. La. October 28, 1996) (holding that a court order awarding attorneys' fees entered after a valid Rule 41(a)(1) dismissal is a nullity because the court is deprived of jurisdiction upon the filing of the stipulation of dismissal).

*2. The Claim for Indemnification Did Not Survive Dismissal*

Gilchrist never pleaded a claim for indemnification. The Court's docket sheet indicates that Gilchrist never filed any form of responsive pleading.[2] It is axiomatic that the Court cannot adjudicate a claim that was never pleaded.[3]

Even if Gilchrist could demonstrate that she had properly pleaded her claim for indemnification, the claim did not survive the stipulation of dismissal. A cross-claim premised on the theory of indemnification is dependent on the resolution of the underlying claim. See *Holcomb v. Allis-Chalmers Corp.*, 774 F.2d 398, 400 (10th Cir. 1985). When the underlying claim is dismissed, "any claim based on indemnification . . . necessarily [falls] by the wayside." *Id.* Gilchrist was notified of the dependent nature of this type of claim in the Court's prior order denying her first application for indemnification. (See Order, Dkt. No. 86 (denying Gilchrist's application for indemnification with leave to re-file upon entry of a final judgment regarding Gilchrist's liability to Pierce).) By agreeing to the dismissal of Pierce's claims against her in this action, Gilchrist has waived her right for a final determination on the merits, a necessary predicate to her claim for indemnification. Cf. *Lapmkin v. Little*, 286 F.3d 1206, 1210 (10th Cir. 2002) (reviewing the trial court's determination of an Oklahoma public employee's right to indemnification after an adverse jury verdict).

---

[2] Under Fed. R. Civ. P. 12(a)(4)(A), Gilchrist should have filed her answer and pleaded any counter-claims or cross-claims no later than April 7, 2004.

[3] The fact that Gilchrist previously filed an application for indemnification in no way cures her failure to assert a cross-claim for indemnification against the City of Oklahoma City. At the time Gilchrist first moved for indemnification, her time to file a responsive pleading had not yet run as she had a motion to dismiss pending. Indeed, the Court held that her application for indemnification was premature.

*3. Had Gilchrist's Claim Survived, the Court Would Decline Jurisdiction*

Had Gilchrist's claim survived the stipulation of dismissal, the Court still would not hear the claim. The only known available basis for jurisdiction over Gilchrist's indemnification claim is supplemental jurisdiction.[4] See 28 U.S.C. § 1367(a) (granting federal courts jurisdiction over claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). It is questionable whether Gilchrist's claim for indemnification is "so related" to Pierce's § 1983 claims as to form part of the same case or controversy to mandate the exercise of supplemental jurisdiction, but, even if it were, the Court would refuse to hear it because Pierce's claims have been dismissed. See id. at § 1367(c)(3) (permitting the Court to decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction).[5]

---

[4] Gilchrist's claim is obviously not one arising under the Constitution or laws of the United States and the record indicates that there is no diversity of citizenship between Gilchrist and the City of Oklahoma City. Although Gilchrist argues that 51 Okla. Stat. § 162 grants jurisdiction for this Court to hear her motion, this argument fails because only Congress, consistent with Article III of the Constitution, has the power to confer jurisdiction on the federal courts.

[5] Declining supplemental jurisdiction would not prejudice Gilchrist because the indemnification statute contemplates that the "federal trial court cannot hear the action," and, in that situation, directs a municipal employee to file her application for indemnification in the situs where the municipality is located. 51 Okla. Stat. § 162(B)(1).

CONCLUSION

As discussed above, the parties' stipulation of dismissal ended the Court's jurisdiction over the claims in this case. Because the Court is without authority to address Gilchrist's Application for Indemnification (Dkt. No. 128) on the merits, her motion is DENIED.

IT IS SO ORDERED this 18th day of April, 2005.

ROBIN J. CAUTHRON
United States District Judge